```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTIN GRISKIE, LLC,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      15-CV-3276(JS)(AYS)

ATLANTIC RECORDS,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     Christin Griskie, LLC, pro se
                   52 Laurel Hill Road
                   Centerport, NY 11721

For Defendant:     No appearance.
```

SEYBERT, District Judge:

On June 3, 2015, pro se plaintiff Christin Griskie, LLC, ("Plaintiff") filed a Complaint in this Court against Atlantic Records ("Defendant"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

BACKGROUND[1]

Plaintiff alleges that she is suing Defendant for "10% of all royalties and or other monies made by Atlantic Records for music produced from related artists Bruno Mars and Ed Sheeran from 2012 to present day and future." (Compl. at 6.) According to the Complaint, Plaintiff

> lived in Panama City following decision made October 29, 2012 to move for a job offer, (the day Hurricane Sandy hit Long Island, New York). During that time frame many famous songs and other mass entertainment media was created (and continues to be created) Fall of 2012 to Spring of 2013 during direct intel was taken from her life specific to Atlantic Records production of Bruno Mars and Ed Sheeran Music. The intel/spying of myself was made known to the Panama City Police Department, which did nothing formal about it, did not suggest or offer a report be filed. Griskie lived out of Florida and New York during this time frame. Since moving back to New York, summer of 2013 additional music has been made. I, Griskie was a Federal Election Commission reporting United States Presidential Candidate during 2011 and 2012. I am now seeking the 2016 Democratic Presidential nomination and am forming a Federal Senate run today. The fact that massive profits has [sic] been made based on my life should now be made public.
>
> My intent is not to tarnish the reputation of Atlantic Records. My intent is to be made right for access and use of my intellectual property based upon specific life events that were taken from my example spanning my childhood (and family that will remain

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

unnamed).

(Compl. at 6.) Plaintiff claims that "[s]ubtle or overt content in any commercial, movie, song, product that is not authentic and that takes from the private life of another is illegal and invasion of privacy, a breach of the constitution and Atlantic Records is one of many companies that have profited from my example as a non celebrity to this point." (Compl. at 6.) On the last page of the Complaint, Plaintiff lists the "US Constitution 9th Amendment" and "Bill of Rights section on Right to Privacy." (Compl. at 7.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. An LLC Cannot Appear Pro Se in Federal Court

As a threshold matter, it is well-established that a limited liability company ("LLC") "may appear in federal court only through a licensed attorney." Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007). This is true even where the corporation has a single shareholder. Lattanzio, 481 F.3d at 140 ("a sole member of

4

a limited liability company must bear the burdens that accompany the benefits of the corporate form and may appear in federal court only through a licensed attorney."). Thus, because an LLC is the sole Plaintiff in this action, it cannot proceed in this Court pro se. Accordingly, to proceed with this case, Plaintiff must retain an attorney. Nevertheless, the Court will at this juncture exercise its discretion and consider whether the claims asserted by Plaintiff are plausible.

IV. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Here, Plaintiff alleges that her "9th Amendment & Right to privacy was invaded." (Compl. at ¶ III. C.)

A.  <u>The Ninth Amendment</u>

The Ninth Amendment to the U.S. Constitution provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend, IX.  The Ninth Amendment "is a rule of construction that does not give rise to individual rights." <u>Zorn v. Premiere Homes, Inc.</u>, 109 F. App'x 475 (2d Cir. 2004) (citing <u>United States v. Bifield</u>, 702 F.2d 342, 349 (2d Cir. 1983)).  Thus, the Ninth Amendment does not provide a basis for a cause of action and Plaintiff's claim thereunder is not plausible as a matter of law.  Accordingly, Plaintiff's Ninth Amendment claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

B.  <u>State Action</u>

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" <u>Hooda v. Brookhaven Nat'l Lab.</u>, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)).  Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." <u>Flagg v. Yonkers Sav. & Loan Ass'n</u>, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); <u>Fabrikant v. French</u>, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is . . .

6

required to show state action." (internal quotation marks and citation omitted)). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Private actors, such as the Defendant, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L. Ed. 2d 142 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).

Here, Defendant is a purely private entity that does not act under color of state law. Nor are there any factual allegations from which the Court could reasonably construe that

7

Defendant was a joint actor or conspired with a state actor. Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Defendant and it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.  Leave to Amend

Given the Second Circuit's guidance that a <u>pro se</u> complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here and concludes that it is not.

"An action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" <u>Scanlon v. Vermont</u>, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (alteration in original) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)); <u>see</u> <u>also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Here, Plaintiff speculates that the ideas for songs by Bruno Mars and Ed Sheeran allegedly published by Defendant were taken from Plaintiff's life example. Plaintiff believes that she

8

was targeted by Defendant because she is now and was previously a Presidential candidate and therefore Defendant is "paying attention to my example." (Compl. at ¶ III. C.) Such allegations rise to the level of irrational, are wholly incredible, and do not set forth any cognizable claim. Accordingly, the Court DENIES LEAVE TO FILE AN AMENDED COMPLAINT.

VI. The All Writs Act

Under the All-Writs Act, a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All-Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. See Malley v. New York City Bd. of Educ., 112 F.3d 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous frivolous complaints are filed) (citing In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("injunction is appropriate where plaintiff 'abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings.'"); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions

9

against the threat of onerous, multiplicitous, and baseless litigation.") (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985) (per curiam)). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

Plaintiff's instant action, together with docket numbers 15-CV-3186, 15-CV-3192, and 15-CV-3196, suggest that Plaintiff may file a new frivolous action. Indeed, Plaintiff has informed the Court's Pro Se staff that she intends to file upwards of 20 complaints to redress perceived wrongs against her by various defendants seeking to profit from her example. Plaintiff's continued filing of frivolous in forma pauperis complaints constitutes an abuse of the judicial process. The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F. 3d 121, 123 (2d Cir. 2000) (internal quotation marks, citation, and brackets omitted).

The Court is especially cognizant of Plaintiff's pro se

status and has considered her Complaint in as positive light as possible.  Nonetheless, the Court warns Plaintiff that similar, future complaints will not be tolerated.  If Plaintiff persists in this course of action, the Court will require Plaintiff to show cause why leave of Court should not be sought before submitting such filings pursuant to the All Writs Act.  In addition, the Court may direct the Clerk of the Court to return to Plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may <u>sua sponte</u> dismiss the case with prejudice.

Finally, Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to <u>pro se</u> litigants, <u>see</u> <u>Maduakolam v. Columbia Univ.</u>, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and <u>pro se</u> litigants . . ."), and should she file another action frivolous complaint, it is within the Court's authority to consider imposing sanctions upon her. <u>See</u> F<small>ED</small>. R. C<small>IV</small>. P. 11.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED, however the Complaint is <u>sua sponte</u> DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).  Plaintiff is warned that should she continue to file frivolous complaints, the Court will require Plaintiff to show cause why leave of Court should not be sought

before submitting such filings pursuant to the All Writs Act.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June   29  , 2015
       Central Islip, New York